Filed 4/2/21  P. v. Nottingham CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074805 |
| v. | (Super.Ct.No. BAF1900345) |
| RODNEY KIM NOTTINGHAM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed as modified with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Robin Urbanski, Deputy Attorney General, for Plaintiff and Respondent.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant and appellant Rodney Kim Nottingham by amended felony complaint with cashing a stolen check (Pen. Code,[1] § 476, count 1), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 2), and possession of heroin (Health & Saf. Code, § 11350, subd. (a), count 3). The People additionally alleged defendant had suffered six prior prison terms (Pen. Code, former § 667.5, subd. (b); Stats. 2018, ch. 423, § 65) and a prior strike conviction (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

Pursuant to a plea agreement, defendant pled guilty to cashing a stolen check in the amount of $1,200. (§ 476, count 1.)[2] In addition, defendant admitted suffering six prior prison terms (former § 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)). In return, the People agreed to an aggregate sentence of three years four months of imprisonment should defendant appear at sentencing, consisting of the low term of 16 months on count 1, plus consecutive one-year terms on two of the six prior prison terms.[3] However, as part of the plea agreement,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant also admitted that his commission of the offense violated his probation in five separate cases.

[3] The plea agreement contemplated that the court would dismiss four of the prior prison term enhancements and the prior strike conviction enhancement when defendant appeared for sentencing.

defendant also agreed to a *Cruz*[4] waiver, pursuant to which he was released from custody in return for his promise to return for sentencing, failing which he would face the maximum term sentence, which in this case was 12 years of imprisonment.

Defendant failed to appear at sentencing.  The court issued a bench warrant. Defendant was thereafter picked up on a new felony offense.  Defendant pled guilty in a new case in return for imposition of concurrent time with that imposed in the instant case. Pursuant to the parties' agreement, the court imposed the maximum sentence of 12 years of imprisonment, consisting of the upper term of three years on count 1, doubled pursuant to the strike prior, and six consecutive years on the prior prison term enhancements.

## II.  DISCUSSION

On appeal, defendant contends the one-year consecutive terms on all six prior prison term enhancements must be stricken.  The People concede the issue.  We agree.

"Under the version of the statute in effect when [defendant] was sentenced, section 667.5, subdivision (b) required a one-year enhancement for each prior prison term served for 'any felony,' with an exception not applicable here.  [Citation.]  Senate Bill 136 [(2019-2020 Reg. Sess.)] substantially narrowed the enhancement, limiting its application only to a prior prison term served 'for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'  [Citations.] [Defendant] contends and respondent agrees that Senate Bill 136 applies retroactively to nonfinal judgments."  (*People v. Griffin* (2020) 57 Cal.App.5th 1088, 1092, review

---

[4]  *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 (*Cruz*).

granted Feb. 17, 2021, S266521.) "Because [none] of the prior prison term enhancements alleged below were based on a sexually violent offense, we agree the one-year enhancement[s] imposed under section 667.5, subdivision (b) must be stricken." (*Ibid*.)

The court in *People v. Hernandez* (2020) 55 Cal.App.5th 942, review granted January 27, 2021, S265739 (*Hernandez*), concluded that "there is no evidence the Legislature intended Senate Bill 136 to permit the trial court to unilaterally modify a plea agreement once the prior prison term enhancements are stricken." (*Id*. at p. 958.) It found that "Senate Bill 136 is silent regarding pleas and provides no express mechanism for relief, and thus refutes any suggestion the Legislation intended to create special rules for the court to unilaterally modify the plea agreement once the enhancements are stricken." (*Ibid*.)

Thus, the *Hernandez* court concluded that although "the court must dismiss the . . . prior prison term enhancements that were an integral part of defendant's specified sentence, it cannot unilaterally modify the plea agreement by keeping the remainder of the bargain intact, and the People may withdraw from the plea agreement." (*Hernandez, supra*, 55 Cal.App.5th at pp. 958-959.) The resolution, therefore, was to remand the matter to the trial court, which "must dismiss the prior prison term enhancements. '[T]he prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, "the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . ." [Citation.] [¶] Further, the court may withdraw its prior approval of the plea agreement.'" (*Id*. at p. 960; accord *People v. Joaquin* (2020)

4

58 Cal.App.5th 173, 175, review granted Feb. 24, 2021, S266594; accord *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1091, review granted Feb. 17, 2021, S266521, ["However, we part with *Hernandez* in one respect and conclude it would be an abuse of discretion for the trial court to impose a longer sentence than the original agreement if a new plea agreement is entered on remand."]; see *People v. Barton* (2020) 52 Cal.App.5th 1145, 1159 [To remedy the portions of a defendant's sentence, which were retroactively unauthorized pursuant to Senate Bill No. 180, the trial court must restore the parties to the status quo ante.]; contra, *People v. France* (2020) 58 Cal.App.5th 714, 729, review granted Feb. 24, 2021, S266771 ["Senate Bill No. 136 . . . obligate[s] a trial court simply to strike now-unauthorized enhancements from plea-bargained sentences . . . ."]; contra, *id*., at p. 731 (dis. opn. of Pollak, P.J.) ["Senate Bill 136 does not empower a court to unilaterally alter the plea bargain struck between the prosecution and the defendant for imposition of a four-year sentence by reducing the sentence to three years without the People's consent."].)

We asked the parties to brief the issue of whether *Hernandez* had any effect upon the resolution in this case. The parties agree that this case is distinguishable from *Hernandez* because the *Cruz* waiver gave the trial court the power to withdraw its approval of the plea and impose a sentence in excess of the bargained term if defendant failed to appear at the hearing. Thus, because the prosecution could not restructure the plea agreement to compensate for the now six invalid prior prison term enhancements, it would serve no purpose to remand the matter back to the trial court. We agree.

5

Here, none of defendant's prior prison term enhancements were based on qualifying sexually violent offenses. Moreover, even after striking the six prior prison term enhancements in this case, the resultant sentence would be two years eight months longer than that for which the parties initially bargained; this is because the prior strike conviction enhancement, which the parties initially bargained for dismissal of upon defendant's timely appearance, would remain. Furthermore, the initially bargained for sentence contemplated the low term of 16 months on count 1; due to defendant's failure to appear, the court imposed the upper term of three years, which was doubled to six years pursuant to the prior strike conviction. Thus, the prosecution could not restructure the plea agreement to make up for any of the time lost via the striking of the prior prison term enhancements. Therefore, we shall modify the judgment and direct the trial court to amend the abstract of judgment and sentencing minute order.

### III.  DISPOSITION

The judgment is modified by striking the six one-year prior prison term enhancements (former § 667.5, subd. (b)) pursuant to Senate Bill No. 136. The trial court is ordered to amend the abstract of judgment and sentencing minute order to reflect the striking of the prior prison term enhancements and to forward a certified copy of the

amended judgment and a corrected copy of the minute order to the Department of

Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____
J.

We concur:


RAMIREZ _____
P. J.


MENETREZ _____
J.


7